**In re Charles M. LUDWIG, Debtor.**

**Betty O. LUDWIG, Plaintiff,**

v.

**Charles M. LUDWIG, Defendant.**

**Bankruptcy No. 1–83–00604.**
**Adv. No. 1–83–0532.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Dec. 27, 1983.

Alan E. Cech, Harrisburg, Pa., for plaintiff.

Robert L. Knupp, Harrisburg, Pa., for defendant.

MEMORANDUM

ROBERT J. WOODSIDE, Bankruptcy Judge.

This case comes before the court on the motion of Betty O. Ludwig to terminate the automatic stay, and the complaint of Betty O. Ludwig (plaintiff) to the dischargeability of a debt owed to her by the debtor in this case, her former husband, Charles M. Ludwig (debtor). The parties have requested the court to make a determination on the dischargeability of the debt before considering relief from the stay.

In 1976 the parties hereto separated and thereafter they and their attorneys negotiated to settle their marital difficulties. These negotiations resulted in the execution of a "property and settlement agreement" dated February 17, 1977 and resulted in their subsequent divorce. The agreement provided inter alia that the parties had divided their personal property to their mutual satisfaction; that the wife would get the marital home and the husband some real estate located in Canada; that the custody of the children Donald C. and Carol E. would remain in the wife with reasonable visitation in the husband and that the wife would receive as alimony $1000 per month in excess of ten years. Paragraph 11 provides:

11. ALIMONY TO WIFE: Husband agrees to pay to the Wife the sum of One

Thousand Dollars ($1,000.00) per month beginning on March 1, 1977 and payable monthly thereafter until the passage of one hundred twenty one (121) months or the wife remarries or either Husband or Wife die, whichever first occurs. This Agreement shall be construed so that the alimony payments shall be a deduction for the Husband for income tax purposes and shall be income to the wife in accordance with section 71 of the Internal Revenue Code. This Agreement has been negotiated and executed on the assumption that the payments under this clause will be deductible by the Husband and taxable by the Wife. If, as a result of final and binding judicial determination, or because of a subsequent change in the governing law, or its authoritive interpretation, it is established that any or all of said payments are not deductible by the Husband, then, provided that the payments are therefore not also taxable to the Wife, she shall be responsible to the Husband for the resulting decrease in her tax liability, as follows: . . . .

Charles M. Ludwig has defaulted in his payments under this provision, and it is this debt that the plaintiff, Betty Ludwig, contends should not be discharged. The applicable law is found in paragraphs (A) and (B) of subsection 523(a)(5) of the Bankruptcy Code which except from discharge debts owed to the following:

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act);

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually

in the nature of alimony, maintenance, or support;[1]

11 U.S.C. § 523(a)(5) (1978).

No cases need to be examined to determine that this debt is alimony and not dischargeable. The agreement clearly specifies the payments as alimony. Both attorneys who represented the parties in the divorce action stated that no child support was included in the agreement because it would be more beneficial to designate any child support as alimony to allow the debtor, Charles Ludwig, to take the deductions from his income for federal tax purposes. Thus the debtor's own testimony would establish that part of these payments which would be attributable to child support would be nondischargeable.

As in most cases of this kind, the debtor argues that even though the payment is designated as alimony it is really a property settlement. There is no credible evidence which would support such an argument in this case. Moreover, the plaintiff's support needs are obvious. Although well educated, plaintiff has not worked for twenty (20) years. The debtor himself testified that before the separation he wanted her to work but that she felt her place was in the home with the children. The attorney who represented plaintiff in the divorce action testified that there was absolutely no question that this "property and settlement agreement" was negotiated so that plaintiff would have funds to live on for the next ten (10) years. Another factor negating any inference that provision 11 represents property settlement payments is that it provides for payments to cease if plaintiff remarries or dies. The most potent fact negating the property settlement argument in this case is that debtor did not receive any property which would form the basis for payments. He testified that his wife got most of the property. This agreement was executed prior to the effective date of the Divorce Reform Code and therefore debtor's dental practice was not marital property and plaintiff had no interest in it.

1. The defendant has filed a petition under Chapter 13. Section 1328(a)(2) of the Bankruptcy Code makes the provisions of section 523(a)(5) applicable to Chapter 13 debtors.

The debtor testified that the reason he executed the agreement was to be able to visit his children. The court sustained objections to defendants testimony concerning the problems which arose with visitation subsequent to the execution of the agreement. There was an action in the Court of Common Pleas of Dauphin County brought by the plaintiff when debtor ceased paying alimony under paragraph 11 of the agreement. The debtor attempted to defend his nonpayment by alleging that the plaintiff had breached the provisions for reasonable visitation. The debtor lost this case in both the Court of Common Pleas and the Superior Court of Pennsylvania and the issues of visitation in that case are irrelevant as to the issues at bar.

We conclude that the language of the agreement and the surrounding circumstances makes it clear that this debt is alimony and nondischargeable. This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Accordingly, we will enter an appropriate order.